**Order entered January 29, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-07-01408-CR

## RODNEY LAMONT HUNT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 86th District Court
### Kaufman County, Texas
### Trial Court Cause No. 24858-86

## ORDER

Before the Court is the Court of Criminal Appeals' opinion reversing this Court's December 22, 2011 opinion and ordering that this cause be abated and remanded to the trial court for further findings of fact. Specifically, the Court of Criminal Appeals' opinion provided:

Appellant argues that the trial court's finding that appellant was in custody when he gave the first statement [to police] should compel us to conclude that the trial court found that police deliberately employed the two-step questioning strategy. Appellant contends that the trial court made a credibility determination against the officers "in specifically finding that Appellant was in custody at the time of his first pre-*Miranda* interrogation by police despite the interrogating officer's characterization to the contrary," and therefore, "the deliberate two-step process was at work." However, the trial court's finding that appellant was in custody in Mesquite is not necessarily a credibility determination against the officer; the trial court may have believed that circumstances that surrounded the Mesquite statement led the officers to a mistaken belief that appellant was not in custody. The record does not reveal information on that issue. And even if the trial court did make a credibility determination against the officers as to the issue of custody,

it does not necessarily mean that the trial court believed that the officers were employing a deliberate strategy to circumvent *Miranda*.

The trial court in this case made no findings to which we must defer regarding the deliberateness issue. It is also not clear from the record before us whether the officers employed a deliberate two-step strategy to circumvent *Miranda*. Although the trial court stated its reasons for finding that appellant was in custody when he took the lie-detector test and confessed for the first time, the basis for its second ruling – that the Kaufman statement was not tainted by the lack of warnings before the Mesquite statement – appears to have been evidence in regard to the separate issue of ineffective assistance of counsel. If the trial court considered appellant's claims of a deliberate two-step strategy of "question-first, warn-later" under *Martinez v. State*, 272 S.W.3d 615 (Tex. Crim. App. 2008) and *Missouri v. Seibert*, 542 U.S. 600 (2004) and made a ruling on that basis, it is not in the record.

*Hunt v. State*, No. PD-0152-12, 2013 WL 3282973 (Tex. Crim. App. June 26, 2013).

Accordingly, the trial court is **ORDERED** to file, within thirty days of the date of this order, a supplemental clerks record containing findings of fact as to whether the police in this case employed a deliberate two-step strategy to circumvent *Miranda* and whether *Martinez v. State*, 272 S.W.3d 615 (Tex. Crim. App. 2008) and *Carter v. State*, 309 S.W.3d 31 (Tex. Crim. App. 2010) apply in this case.

This appeal is **ABATED** for thirty days or until the filing of the supplemental clerk's record containing additional findings of fact.

/s/    DAVID L. BRIDGES
        JUSTICE